**SECURITIES and EXCHANGE COMMISSION, Plaintiff,**

v.

**Don Haywood PACE, Defendant.**

No. 96–2416 (JR).

United States District Court, District of Columbia.

Nov. 20, 2001.

William Kuehnle, Leo J. Kane, Securities and Exchange Commission, Washington, DC, for Plaintiff.

Don H. Pace, Panama City Beach, FL, Don H. Pace, Sedona, AZ, Defendant Pro se.

## *MEMORANDUM*

ROBERTSON, District Judge.

In this action, the Securities and Exchange Commission alleges that, by failing to disclose his unlawful diversion of funds from a subsidiary of a publicly-held corporation of which he was chief executive officer, Donald Haywood Pace violated the anti-fraud provisions of the Securities Act of 1933, 15 U.S.C. § 77q(a), and of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78n(a) and Rules 10B–5 and 14A–9, 17 C.F.R. § 240.10B–5, 240.14A–9, and the "books and records" provisions of the Exchange Act, 15 U.S.C. § 78m(b)(5) and Rule 13B2–1. Now that Pace has been convicted of wire fraud and tax fraud in connection with the same diversion of funds, the SEC moves for summary judgment on the strength of Pace's conviction.

Pace opposes the SEC's motion and cross-moves for summary judgment. He advances four arguments: (i) that the amount of money he was found to have unlawfully diverted was not material; (ii) that the SEC has not shown that any investor lost money because of his non-disclosure of the diversion of funds; (iii) that he did not know of the diversion "during the time that disclosure would have taken place" (Pace Mem., p. 2); and (iv) that the SEC's claims are precluded by a ruling, in his favor, in a Tax Court proceeding.

The following facts are undisputed.

1. Pace was chief executive officer and a director of Pace American Group, Inc. and a vice-president and director of American Bonding Company, a subsidiary of Pace American Group.

2. On July 26, 2001, in the United States District Court for the District of Arizona, a judgment of conviction was entered against Pace on two counts of wire fraud, 18 U.S.C. § 1343, and one count of tax fraud, 26 U.S.C. § 7206(1), in connection with two transfers of funds from American Bonding Company to his personal bank account totaling $36,659.28 (SEC Statement of Material Facts, ¶¶ 3, 4, 7).

3. The transfers of funds to Pace's personal bank account were not reflected in the books and records of Pace American Group. (*Id.*, ¶¶ 8, 9, 11).

4. The transfers of funds to Pace's personal bank account were not disclosed in the registration statement for Pace American Group's initial public offering filed on September 22, 1992, or in the Form 10–K annual report for Pace American Group filed on March 31, 1993, or in the proxy statement for a Pace American Group meeting of shareholders filed July 15, 1993. (*Id.*, ¶¶ 12, 13, 14)

5. Pace signed the registration statement and the Form 10–K and was one of the persons soliciting votes from shareholders through the proxy statement. (*Id.*, ¶¶ 12, 13, 14)

*Pace's Defenses*

Pace's four defenses are discussed below. None of them has merit.

 1. *Materiality.* Pace argues that the $36,659.28 of American Bonding Company's premium income that was transferred to his personal account was a tiny fraction of Pace American's total premium income of $62 million and considerably less than the $60,000 threshold for materiality established by SEC Guidelines, Regulation S–K, Item 404. (Pace Decl. ¶¶ 40–41, Mem. p. 10). Although at one point the SEC appears to argue that the dollar amount of the "transactions" in this case was greater than $60,000, its better

argument (and the prevailing one) is that the illegal transfer of $36,659.28 was material—and had to be disclosed—even if Item 404 did not require it. *See Maldonado v. Flynn,* 597 F.2d 789, 796 (2d Cir. 1979). False statements or omissions are material if a reasonable investor would consider them important, *see Basic, Inc. v. Levinson,* 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). Investors have a right to know—and would reasonably consider it important—when the head of a publicly-owned company is stealing any quantity of money from their company, *see United States v. Fields,* 592 F.2d 638, 650 (2d Cir.1978), *cert. denied* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979).

■ 2. *Loss causation.* Plaintiff's loss causation argument (Mem. pp. 2–10) depends on two district court decisions that are completely inapposite. *Lucia v. Prospect Street High Income Portfolio, Inc.,* 769 F.Supp. 410 (D.Mass.1991), and *In re Washington Public Power Supply Sys. Sec. Litig.,* 650 F.Supp. 1346 (W.D.Wash. 1986), were private actions for damages. There is no "loss causation" requirement in public enforcement actions. *See Graham v. SEC,* 222 F.3d 994, 1001 n. 15 (D.C.Cir.2000); *SEC v. Rana Research, Inc.,* 8 F.3d 1358, 1363 n. 4 (9th Cir.1993).

■ 3. *Scienter.* In the ordinary securities fraud case, scienter is a genuine issue of material fact. A criminal conviction, however, raises an estoppel. *See* the many cases cited by the SEC in its memorandum, pp. 7–9, and particularly *SEC v. Bilzerian,* 29 F.3d 689, 693–94 (D.C.Cir. 1994), *cert. denied* 514 U.S. 1011, 115 S.Ct. 1350, 131 L.Ed.2d 210 (1995). Pace cites no case for the contrary proposition. He was convicted on counts 77, 78 and 81 of the indictment against him. Those counts charge that, beginning on or about November 29, 1991 and continuing through June 19, 1992, in the District of Arizona and elsewhere, Pace "devised and intended to devise a scheme and artifice to defraud and to obtain money and property by false and fraudulent pretenses, representations and promises" (Attachment A to Kane Decl., p. 15); that, on or about May 8, 1992, "for the purpose of executing and attempting to execute the aforesaid scheme and artifice" Pace caused $17,919.28 to be transmitted to his personal account (*id.* at 16); that, on or about June 19, 1992, for the purpose of executing and attempting to execute the scheme and artifice, he caused another $18,740 to be transmitted to his personal account (*id.* at 16–17); and that, on or about October 12, 1993, he filed a tax return for calendar year 1992 failing to report the $36,659.28 that had been diverted into his personal account as income "whereas he then and there well knew that he had received income from said foreign financial accounts ... and that he diverted said premiums into his personal account and appropriated the monies for his own use" (*id.* at 19). Pace's conviction on those charges amply establishes the element of scienter under all of the securities laws he is charged with civilly violating. He is estopped to deny it. *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568–69, 71 S.Ct. 408, 95 L.Ed. 534 (1951); *SEC v. Bilzerian,* 29 F.3d at 693. The fact that Pace's appeal from his conviction is still pending does not affect the application of collateral estoppel. *Southern Pac. Communications Co. v. Am. Tel. & Tel. Co.,* 740 F.2d 1011, 1018 (D.C.Cir.1984); *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1498 (D.C.Cir.1983).

■ 4. *Claim preclusion.* Pace ignores the estoppel that works against him but asserts that estoppel works against the government. A Tax Court order, he says, "adjudicated" his position that the diverted funds were not income but reimbursement of expenses (Pace Mem. p. 24). The argu-

ment is beyond frivolous (although the SEC protests nearly too much on this point, *see* Reply to Pace's Opposition to SEC's Motion for Summary Judgment at 3–6, betraying some embarrassment about the IRS disposition of its deficiency notice to Pace.) The SEC is clearly correct that the IRS never conceded the absence of wire fraud and never "admitted" that the diverted funds were reimbursement. Instead, it appears that the Tax Court entered a judgment based upon stipulations the parties had agreed to for settlement purposes. Where a matter is resolved by settlement, no issues have been litigated or decided. *See Levinson v. United States,* 969 F.2d 260, 264 (7th Cir.1992). This particular settlement, moreover, contains no concession or admission of fact by the IRS. Rather, the settlement was "entered into based solely upon hazards of litigation" and was "not a representation by the [IRS] of its opinion regarding the underlying merits of petitioners' claims or allegations in this case." Exhibit 29 to Pace Declaration, p. 2.

\* \* \* \* \* \*

The record shows that there is no genuine issue as to any material fact and that the SEC is entitled to a judgment as a matter of law that Pace has violated the securities laws as alleged.

*Relief*

The SEC seeks an order of permanent injunction, a disgorgement order with prejudgment interest, civil monetary penalties, and an order barring Pace permanently from serving as an officer or director of any public company. A permanent injunction restraining Pace from engaging in the conduct proven in this case is appropriate and will be issued upon presentation of an appropriate order. Disgorgement would be redundant with the restitution Pace will be required to pay as a consequence of his

criminal conviction (Kane Decl.Ex. C; *see* 18 U.S.C. § 3663A) and will not be ordered. No civil monetary penalty will be assessed, in view of the fact that the sentencing judge could have imposed a fine in addition to incarceration but did not do so.

■ The SEC has not made the case for a debarment order, and none will be entered. The sentencing judge could have imposed a debarment order for the duration of Pace's supervised release but did not do so. The sentencing judge did not find "sophisticated concealment" (Kane Decl.Attach. E p. 96), and, although he adjusted Pace's offense level upward by two levels for abuse of public trust (*Id.* p. 97), he also adjusted it downward by three levels for aberrant behavior (*Id.* pp. 98–99). Pace is thus obviously no "recidivist," and the sentencing judge did not find Pace's violations to be "particularly egregious." *Cf.* S.Rep. No. 337, 101st Cong., 2d Sess 21 (1990), cited by the SEC (Mem. p. 20). Pace is 65 years old. Future service as an officer or director of a public company seems unlikely, in view of the fact that such a company would be required to disclose the fact of his felony conviction and the result of this civil fraud action.

\* \* \* \* \* \*

Pace's flurry of last-minute motions, filed in an apparent attempt to delay or derail this opinion and the accompanying order, will all be denied.

### ORDER

For the reasons set forth in the accompanying memorandum, it is this _____ day of November, 2001,

**ORDERED** that the motion of plaintiff Securities and Exchange Commission for summary judgment [# 77] is **granted.**

Submit proposed order for permanent injunction. It is

**FURTHER ORDERED** that the motions of defendant Donald Haywood Pace for summary judgment [# 84–1], for leave to file depositions and conduct discovery [# 94–2, 94–3], and to extend time, clarify, compel, and strike [# 100–1, 102–1, 105–1, 106–1] are **denied.**